**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0718-16T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

CHARLES RICHARDSON,

    Defendant-Appellant.

_____

> Submitted May 10, 2018 — Decided June 18, 2018
>
> Before Judges Rothstadt and Gooden Brown.
>
> On appeal from Superior Court of New Jersey,
> Law Division, Passaic County, Indictment No.
> 07-02-0168.
>
> Joseph E. Krakora, Public Defender, attorney
> for appellant (Richard Sparaco, Designated
> Counsel, on the brief).
>
> Camelia M. Valdes, Passaic County Prosecutor,
> attorney for respondent (Marc A. Festa, Senior
> Assistant Prosecutor, of counsel and on the
> brief).

PER CURIAM

Defendant Charles Richardson appeals from the denial of his petition for post-conviction relief (PCR) without an evidentiary hearing. For the reasons that follow, we affirm.

Defendant was convicted by a jury of first-degree murder, N.J.S.A. 2C:11-3(a)(1) and (2), and related weapons offenses, N.J.S.A. 2C:39-4(a), N.J.S.A. 2C:39-5(b). The sentencing court imposed an aggregate sentence of fifty years subject to an eighty-five percent period of parole ineligibility under the No Early Release Act, N.J.S.A. 2C:43-7.2.

Defendant appealed and we affirmed his convictions in an unpublished opinion. State v. Richardson, No. A-1467-10 (App. Div. July 15, 2013) (slip op. at 6). Defendant did not file a petition for certification with the Supreme Court.

The facts underlying defendant's convictions are set forth in our opinion and need not be repeated here. See Richardson, slip op. at 6-10.

Defendant filed a PCR petition on June 5, 2014, in which he argued ten different reasons why he received ineffective assistance of counsel during his trial. Those reasons included counsel's failure to impeach a detective using prior sworn testimony, not making certain objections during trial, making improper references to a popular movie, failing to call witnesses, failing to investigate or consult with defendant, giving "expert

testimony" in his opening, failing to file a pre-trial motion for severance or requesting that the "court voir dire the jury concerning their safety," and improperly advising defendant about the State's plea offer.

A brief and amended petition were submitted on behalf of defendant in November 2015. In this brief, defendant raised additional claims that trial counsel was ineffective by failing: to call witnesses who had knowledge that it was the victim who had a gun, not defendant; discuss the State's plea offer with defendant or advise him of his maximum exposure if he was convicted; discuss the benefit and detriment to defendant if he chose to testify at trial; and call an expert regarding "bullet fragments recovered at the scene." He also argued his petition was not procedurally barred.

The PCR court denied defendant's petition by order filed on July 8, 2016, after placing a decision on the record, in which the court addressed each of defendant's arguments. As to the claim that trial counsel failed to call "self-defense witnesses," the court concluded that "there's nothing that's been submitted which establishes that defense counsel even knew of the existence of these witnesses . . . ." Moreover, he found that the decision to not present witnesses that placed defendant at the scene would have contradicted defendant's alibi defense, which trial counsel

pursued up to the day of trial. The court also observed that these witnesses were being identified years after defendant's trial, conviction and our affirmance of his convictions, without any reasons why they did not come forward sooner, other than no one contacted them. In addition, as to the alleged witness defendant identified in his petition who knew that defendant and the victim had past disagreements, the judge observed it was a proper strategic decision not to introduce that witness, even if known to trial counsel, because the witness would have supplied a motive for the crime.

Turning to defendant's contentions about trial counsel's failure to tell defendant about plea offers, the PCR court concluded that the claims were belied by the record, including a pretrial memorandum that defendant signed indicating his maximum exposure and the State's plea offer. The PCR court also addressed defendant's allegation that although counsel in fact discussed with him his right to testify at trial, trial counsel improperly discouraged him from testifying despite defendant's belief that he would have been persuasive. The PCR court concluded that if defendant's allegation was true, the trial attorney made a proper strategic decision in light of defendant's prior convictions, which would have been used to impeach defendant. The court also found defendant's contention that trial counsel failed to file a

4

severance motion was equally belied by the fact that his co-defendant filed the motion, which the trial court denied.

The PCR court also addressed defendant's argument that counsel was ineffective because he failed to call a ballistic expert, and concluded that it was an appropriate strategic decision.[1] Finally, the PCR court considered defendant's claim regarding voir diring the jury about their safety, and found, under the circumstances, there was nothing "inadequate about" counsel not "pressing that issue."

Defendant presents the following issues for our consideration in his appeal.

> ### POINT I
>
> DEFENDANT WAS ENTITLED TO AN EVIDENTIARY HEARING WHERE TRIAL COUNSEL FAILED TO INVESTIGATE AND CALL VARIOUS WITNESSES TO ESTABLISH THAT THE VICTIM POSSESSED A GUN AT THE SCENE OF THE SHOOTING IN SUPPORT OF A DEFENSE OF SELF-DEFENSE OR FOR A JURY CHARGE OF THE LESSER-INCLUDED OFFENSE OF PASSION/PROVOCATION MANSLAUGHTER.
>
> ### POINT II
>
> DEFENDANT WAS ENTITLED TO AN EVIDENTIARY HEARING WHERE TRIAL COUNSEL FAILED TO COMMUNICATE A PLEA OFFER TO THE DEFENDANT PRIOR TO

---

[1] We observe that defendant did not support his argument with an expert's report that identified exactly what the expert would have testified to at trial.

DECIDING ON WHETHER OR NOT TO PROCEED TO TRIAL.

POINT III

DEFENDANT WAS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL FOR COUNSEL'S FAILURE TO ADEQUATELY ADVISE HIM OF THE ADVANTAGES AND DISADVANTAGES OF TESTIFYING IN HIS OWN DEFENSE.

POINT IV

DEFENDANT WAS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT TRIAL COUNSEL WAS INEFFECTIVE IN FAILING TO RETAIN A BALLISTICS EXPERT TO EXAMINE THE PROJECTILES DISCOVERED OUTSIDE THE VEHICLE.

We are not persuaded by any of these arguments and affirm substantially for the reasons expressed by the PCR court in its compressive oral decision. We add only the following brief comments.

The standard for determining whether counsel's performance was ineffective for purposes of the Sixth Amendment was formulated in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 49 (1987). In order to prevail on a claim of ineffective assistance of counsel, defendant must meet the two-prong test of establishing both that: (1) counsel's performance was deficient and he or she made errors that were so egregious that counsel was not functioning

6

effectively as guaranteed by the Sixth Amendment to the United States Constitution; and (2) the defect in performance prejudiced defendant's rights to a fair trial such that there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 687, 694.

We conclude from our review of the record that defendant failed to make a prima facie showing of ineffectiveness of counsel within the Strickland-Fritz test. Accordingly, the PCR court correctly concluded that an evidentiary hearing was not warranted. See State v. Preciose, 129 N.J. 451, 462-63 (1992).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0718-16T3